UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 4:17-cr-00866-RBH |
| | ) | |
| **BRANDON MICHAEL COUNCIL** | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO VACATE**

COMES NOW, the United States of America (hereinafter "the Government"), by and through its attorneys, in and for said District of South Carolina, which files this Response in Opposition to Defendant's Motion to Vacate under Federal Rule of Criminal Procedure 33. *See* ECF No. 923 ("Motion"). This Court should deny relief for the following reasons:

(1) this Court has already rejected Defendant's non-delegation challenge to the FDPA;

(2) the constitutionality of various possible methods of execution is not ripe for adjudication because Defendant's execution date has not yet been set and the method not yet selected;

(3) the Motion is untimely and not based on newly discovered evidence; and

(4) the interests of justice weigh against the Court's certifying its intent to grant the Motion because Defendant's claim to relief rests on the faulty premise that South Carolina law mandates electrocution for a federal inmate sentenced to death in South Carolina.

**Background**

Defendant was convicted of two capital offenses—bank robbery resulting in death, in violation of 18 U.S.C. § 2113(a) and (e), and use of a firearm during and in relation to a crime of violence and causing death in such a manner as to constitute murder, in violation of 18 U.S.C. § 924(c) and (j)—and sentenced to death for both offenses under the FDPA. On November 4, 2019, Defendant filed a motion seeking a new sentencing trial and/or judgment of acquittal as to his death sentences, pursuant to Federal Rules of Criminal Procedure 29(c) and 33(b)(2). *See* ECF No.

866. After the Court denied that motion, Defendant filed a notice of appeal, vesting jurisdiction over his judgment in the U.S. Court of Appeals for the Fourth Circuit. *See* ECF No. 878. His appeal remains pending. *See* 4th Cir. Case No. 20-1, Dkt. No. 34 (setting a filing deadline of October 14, 2021, for Defendant's opening brief). On July 21, 2021, Defendant filed the Motion at issue, again seeking to have his capital sentence vacated under Federal Rule of Criminal Procedure 33. *See* ECF No. 923.

**<u>General Principles and Legal Standard</u>**

"[A] motion for new trial in a capital case is governed by the same Rule 33 applicable in all criminal cases." *United States v. Johnson*, 713 F. Supp. 2d 595, 605 (E.D. La. 2010). Rule 33 generally permits the trial court to grant a Rule 33 motion "if the interest of justice so requires." Fed. R. Crim. P. 33(a).

With the exception of a motion based on newly discovered evidence, a motion under Rule 33 must be filed within 14 days after the verdict or finding of guilty. Fed. R. Crim. P. 33(b)(2). Although motions based on newly discovered evidence may be filed within three years of the verdict, "[i]f an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." Fed. R. Crim. P. 33(b)(1). The Supreme Court has stated that, pursuant to Rule 33, where a defendant files a post-conviction Rule 33 motion during the pendency of his direct appeal, "[t]he District Court ha[s] jurisdiction to entertain the motion and either deny the motion on its merits or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case." *United States v. Cronic*, 466 U.S. 648, 667 n.42 (1984). "In keeping with *Cronic*. this Court may *only* decide whether this motion should be denied, or alternatively, whether the Court's intention to grant the motion should be certified to the Court of Appeals for consideration." *United States v. White*, No. CRIMA7:08CR00054, 2010 WL 1462180, at *3 (W.D. Va. Apr. 12, 2010) (emphasis added).

The Fourth Circuit has cautioned that when a Rule 33 motion is appropriately before the Court, relief should nonetheless be granted "sparingly,' and . . . 'only when the evidence weighs heavily against the verdict.'" *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003) (quoting *United States v. Wilson*, 118 F.3d 228, 237 (4th Cir. 1997); *United States v. Arrington*, 757 F.2d 1484, 1486 (4th Cir. 1985)).

**<u>Argument</u>**

No execution date has been scheduled for Defendant, and no method of execution has been selected. In fact, the Government has imposed a moratorium on all federal executions and, even in the absence of that moratorium, cannot schedule Defendant's execution until after he has "exhaust[ed] . . . the procedures for appeal of the judgment of conviction and for review of the sentence." 18 U.S.C. § 3596. Nevertheless, Defendant asks this Court for an indicative ruling on weighty constitutional questions addressing, principally, the permissibility of implementing his capital sentence through electrocution. But that hypothetical eventuality—which itself rests on a misapprehension of South Carolina law—is not ripe for adjudication by this Court. Even if Defendant's Motion were timely and had not been foreclosed, in part, by a previous decision of this Court, the interests of justice do not weigh in favor of certifying the Court's intention to grant the requested relief. Accordingly, the Motion should be denied.

**I.**      **<u>This Court has already considered and rejected Defendant's claim that the FDPA violates the Non-Delegation Doctrine.</u>**

To begin, Defendant's assertion that the FDPA is inconsistent with the Non-Delegation Doctrine is foreclosed by this Court's earlier decision rejecting the gravamen of that claim. Specifically, Defendant's Motion recapitulates the same non-delegation argument that was one of two bases on which Defendant sought a new sentencing trial or a judgment of acquittal as to sentencing. *Compare* ECF No. 866 at 7 (arguing that "Section 3596 and this Court's accompanying

judgment . . . work an unconstitutional delegation of federal authority to the State of South Carolina"), *with* Mot. ¶ 48 (arguing that "[t]he United States Constitution forbids Congress or this Court from delegating the determination of Council's sentence, which includes how he should be put to death, to the evolving, unfettered discretion of state officials in South Carolina[.]"). This Court rejected that argument. *See* ECF No. 869 at 7 ("[T]he Court concludes that neither § 3596(a) nor the Court's judgment violate the nondelegation doctrine.").

That decision established the law of the case, and Defendant has offered no reason to depart from it. *See United States v. Lentz*, 524 F.3d 501, 528 (4th Cir. 2008) ("The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (internal quotation marks and citation omitted)). Indeed, at the time he raised his initial non-delegation challenge, Defendant specifically highlighted—as a purported defect undermining the FDPA's design—the possibility that South Carolina may change its manner of execution in the future. *See* ECF No. 866 at 7-8. This Court was unpersuaded by Defendant's argument. ECF No. 869 at 7-8. Accordingly, any change in State law that has occurred in the interim provides no basis for revisiting this Court's determination that the federal statute does not violate the federal Constitution.

**II.    Any challenge to the hypothetical methods of execution that may be available to carry out Defendant's execution at an indefinite point in the future is not presently ripe for adjudication.**

Defendant's substantive claims as to the permissibility of electrocution and the firing squad are not ripe for adjudication because his execution has not been scheduled—and, moreover, will not be scheduled in the near future.[1] Federal law precludes the Attorney General from setting an

---

[1] Nor, contrary to Defendant's suggestion (Mot. ¶ 14), is it necessary for him to raise this issue at this premature juncture for want of an available alternative mechanism once his claim has ripened. As this Court noted when it denied Defendant's initial motion to vacate, "[i]t would seem that such a challenge normally would be made in a habeas corpus petition filed pursuant to

execution date for a federal prisoner until the capital judgment has become final following "exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence." 18 U.S.C. § 3596. On July 1, 2021, the Attorney General imposed a moratorium on all federal executions pending completion of three separate reviews of departmental policies and procedures relating to the implementation of capital sentences. *See* Attorney General Merrick Garland, *Memorandum: Moratorium on Federal Executions Pending Review of Policies and Procedures* (July 1, 2021), available at https://www.justice.gov/opa/page/file/1408636/download. Defendant is thus in no jeopardy of execution while (1) his appeal remains pending before the Fourth Circuit, and (2) the Attorney General's review remains ongoing.

In the absence of a foreseeable execution date, any decision by this Court as to the constitutionality of Defendant's punishment would necessarily rest on predictive guesswork rather than a concrete dispute ripe for judicial resolution. For instance, the outcome of the Attorney General's comprehensive review may bear on any future manner-of-execution claims Defendant would seek to raise. And in addition to the ongoing federal review, the underlying South Carolina statute invoked by Defendant is currently being litigated in the State court system. *See, e.g.*, *Owens & Sigmon v. Stirling*, No. 2021-CP-40-2306 (S.C. Comm Pls. May 17, 2021); *State v. Sigmon*, No. 2002-024388 (S.C. May 28, 2021). Thus, even if electrocution were the mandatory method of execution under current law—which, as discussed *infra* pp. 7-8, is not the case—there is no indication that it will be an available (much less the only available) method when Defendant's execution is ultimately scheduled. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim

---

28 U.S.C. § 2241." ECF No. 869, at 5 n.6 (citations omitted). None of Defendant's cited authority stands to the contrary: the obligation of the judiciary to "police carefully against attempts to use [method-of-execution] challenges as tools to interpose unjustified delay," *Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019), does not eliminate the threshold requirement that, to be ripe for judicial resolution, "the action in controversy [must be] final and not dependent on future uncertainties," *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006).

is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (citation and internal quotation marks omitted)).

**III.**     **<u>Defendant's Motion is untimely and not based on newly discovered evidence.</u>**

The Motion before the Court is also untimely and not based on newly discovered evidence. There is no question that more than 14 days have passed since either Defendant's penalty verdict or sentences of death. Fed. R. Crim. P. 33(b)(2). To the extent Defendant requests that the Court retroactively extend this timeline, by Defendant's own acknowledgment, South Carolina amended the underlying law more than two months ago. Moreover, as acknowledged by Defendant in his original motion to vacate, "[p]resently, South Carolina provides for execution by lethal injection *or electrocution*, at the election of the condemned prisoner." ECF No. 866 at 7. Thus, a more precise attack on the constitutionality of electrocution could certainly have been made in November 2019.

To sidestep the Motion's untimeliness, Defendant attempts to couch his arguments as being based on newly discovered evidence. This effort fails because Defendant's Motion does not identify any "newly discovered evidence; rather, he merely asserts legal arguments—many of them previously raised and addressed in earlier motion practice. Discovery of a new legal theory does not qualify as 'newly discovered evidence' under Rule 33." *United States v. Jameson*, No. 08-CR-70-GKF, 2012 WL 262649, at *2 (N.D. Okla. Jan. 30, 2012), *aff'd*, 473 F. App'x 864 (10th Cir. 2012); *see also United States v. Olender*, 338 F.3d 629, 635–36 (6th Cir. 2003) ("Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence"); *United States v. Christy*, 3 F.3d 765, 769 (4th Cir. 1993) (denying a Rule 33 motion that was "a legal argument - not a motion based on new evidence"); *United States v. Shelton*, 459 F.2d 1005, 1006–07 (9th Cir. 1972) (holding that an attempt to relitigate the case on a new theory is not considered newly discovered evidence but is merely newly discovered issue

of law); *United States v. Parker*, No. CR 07-82-DLB, 2008 WL 11417034, at *1 (E.D. Ky. Aug. 25, 2008) ("The issues raised by Defendant in his Rule 33 Motion for New Trial are precisely the type of legal issues which cannot be characterized as remedial in nature. Rather, they involve legal challenges to his conviction. For these reasons, the timely notice of appeal divested the Court of jurisdiction to consider Defendant's Rule 33 Motion for New Trial."). Even if the Court were to give Defendant the benefit of his argument, the legal issues are simply not new because – as Defendant is well aware – electrocution has long been a statutorily available method of execution in South Carolina. *See Christy*, 3 F3d at 769 ("Additionally, even if we were to characterize this legal argument as evidence, it is not new" because the defendant had knowledge of the legal issue).

**IV.**     **The interests of justice further support denying Defendant's Motion because his claims rest on a misapprehension of the relevant law.**

Beyond being variously foreclosed, unripe, and untimely, Defendant's claims fail under the interests-of-justice test that governs motions under Rule 33.

The entirety of Defendant's Motion rests on the faulty premise that South Carolina law now mandates electrocution, when in fact it merely permits election among electrocution, firing squad, and lethal injection. Defendant concedes that "South Carolina's revised statute purports to allow a condemned prisoner to opt out of electrocution and elect instead to be executed by lethal injection or firing squad." *See* Mot. ¶ 23. Although Defendant argues that this option is, at present, unavailable to South Carolina death-row inmates because the State lacks the necessary ingredients to carry out its lethal-injection protocol, *id*. at ¶ 6, the transient unavailability of that option to State prisoners is immaterial to whether the Federal Bureau of Prisons could accomplish a federal execution by lethal injection "in the manner prescribed by the law of the State," 18 U.S.C. § 3596(a). And even assuming *arguendo* that South Carolina's present incapacity to obtain lethal-injection materials constrains the methods of execution legally available to the federal government,

Defendant cannot establish that the present situation is likely to reflect the State's inventory on the indeterminate date of his eventual execution.[2]

### Conclusion

For the reasons discussed herein, the Court should deny Defendant's Motion to Vacate.

**[Signatures on next page.]**

---

[2] Because Defendant's motion is unripe, untimely, and rooted in a misapprehension of the relevant law, it is not necessary for this Court to decide the issues of whether death by electrocution constitutes an ex post facto penalty, qualifies as cruel and unusual punishment, or violates Defendant's due-process or equal-protection rights. In the interest of completeness, however, the Government notes that this Court recently addressed similar arguments in a case where two plaintiffs sought a temporary restraining order and preliminary injunction challenging the same South Carolina statute invoked by Defendant. *See Owens & Sigmon v. Stirling*, No. 3:21-cv-01651-RBH (D.S.C. June 11, 2021). This Court denied relief based on its determination that "Plaintiffs ha[d] failed to make a clear showing of a likelihood of success on the merits of their Eighth Amendment claim." *Id*. at 12.

**Respectfully submitted**,


M. RHETT DEHART
Acting United States Attorney


/s/ Derek A. Shoemake
Derek A. Shoemake (Fed. Id. # 10825)
Assistant United States Attorney
401 W. Evans Street, Room 222
Florence, SC 29501
843-667-3992
Derek.Shoemake@usdoj.gov

Nathan S. Williams (Fed. Id. # 10400)
Assistant United States Attorney
151 Meeting Street, Suite 200
Charleston, SC 29401
843-727-4381
NSWilliams@usa.doj.gov

Everett E. McMillian (Fed. Id. # 11791)
Assistant United States Attorney
401 W. Evans Street, Room 222
Florence, SC 29501
843-667-0295
emcmillian@usa.doj.gov

Florence, SC
August 5, 2021

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.:  4:17-cr-00866-RBH |
| | ) | |
| vs. | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| **BRANDON MICHAEL COUNCIL** | ) | |

I hereby certify that as attorney of record I have caused an employee of the United States Attorney's Office, to serve on **August 5, 2019**, a true and correct copy of the attached **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE** via the Court's e-noticing system, but if that means failed, then by mailing through the United States mail, postage paid, the same on the following person:

Barry Fisher
Lisa Lorish

/s/ Derek A. Shoemake
Derek A. Shoemake
Assistant United States Attorney

Florence, S.C.