UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 4:17-CR-866-RBH |
| | ) | |
| BRANDON COUNCIL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT MOTION TO UNSEAL
CERTAIN RECORD MATERIAL FOR APPEAL**

Defendant Brandon Council and the United States, by their undersigned appellate counsel, hereby move the Court to (1) unseal entirely certain docket entries that this Court ordered be sealed from the public but were available to trial counsel for both Mr. Council and the government, and (2) unseal, in a limited fashion, certain additional *ex parte* defense filings and transcripts of *ex parte* proceedings between the Court and defense counsel that the Court ordered be sealed from the government as well as the public

A proposed stipulated order, detailing the requested unsealing, is appended to this motion.

In further support of this motion, counsel state as follows:

1.   Mr. Council was convicted of bank robbery and murder with a

firearm at a jury trial, and, following the jury's recommendation, sentenced to death by this Court.  His direct appeal is pending in the United States Court of Appeals for the Fourth Circuit (Docket No. 20-1).  Mr. Council's opening brief and the joint appendix are currently due to be filed on January 12, 2022.

2.  There are a number of docket entries that the Court ordered sealed from the public.  Some will likely be relevant to Mr. Council's appeal and thus need to be included in the appendix and discussed in the briefs.  Some of these were sealed in order not to prejudice the jury, and thus no longer need to remain sealed since the trial has been completed.[1]  It would benefit the Fourth Circuit, the parties, and the public if the portions of the appendix containing those materials did not have to be filed under seal and if discussion of their contents in the briefs did not have to be redacted.

3.  Those docket entries that were sealed from the public but that the parties agree no longer need to remain sealed are:

- DE #240, government response to suppression motion, 8/30/18

- DE #428, #428-1, filings on proposed jury questionnaire, 6/5/19

- DE #501-1, Court proposed video script, 7/11/19

---

[1] Other material, like the jury questionnaires, were sealed from the public to protect privacy; thus the parties agree they should remain sealed

- DE #610, defense response to Court order, 7/29/19

- DE #621, government brief re: deferring jurors, 7/30/19

- DE #651, exhibits from 8/14/19 motions hearing, 8/16/19

- DE #654, supplemental joint strikes for cause, 8/19/19

- DE #681, supplemental joint strikes for cause, 8/21/19

- DE #690, supplemental jury questionnaire (final, blank) with witnesses, 8/23/19

- DE #692, supplemental joint strikes for cause, 8/26/19

- DE #751, supplemental joint strikes for cause, 9/4/19

- DE #754, revised preliminary jury instructions (voir dire), 9/4/19

- DE #763, defense requested voir dire questions, 9/5/19

- DE #768, government proposed voir dire questions, 9/6/19

- DE #782, defense list of potential witnesses, 9/11/19

- DE #809, defense 1st email re: competency, 9/20/19

- DE #810, defense 2nd email re: competency, 9/20/19

- DE #811, defense experts' affidavit, 9/23/19

- DE #814, government email re: mental health issues, 9/24/19

- DE #815, defense email re: mental health issues, 9/24/19

- DE #828, government motion in limine to preclude mitigating factors, 9/26/19

---

on appeal.

- DE #830, defense response to government motion in limine, 9/26/19

- DE #834, order denying government motion in limine, 9/27/19

- DE #835, proposed sentencing instructions, 9/27/19

- DE #868, defense motion for assignment of appellate counsel, 11/13/19

4.    In addition, there were other defense filings as well as transcripts of proceedings between defense counsel and the Court that the Court ordered be not only sealed but also *ex parte*, so that only defense counsel and the Court had access or were present.  These were kept confidential from the government as well as the public.  Some also will likely be relevant to Mr. Council's appeal.  Those are:

- DE #115, *ex parte* sealed document, 4/30/18

- DE #141, *ex parte* sealed document, 6/1/18

- DE #282, ex parte motion to continue, 10/3/18

- DE #508, *ex parte* sealed document, 7/16/19

- transcript of 10/18/18 *ex parte* proceeding (*see* DE #301)

- transcript of 4/6/18 *ex parte* proceeding (*see* DE #93)

- transcript of 7/17/19 *ex parte* proceeding (*see* DE #512)

- transcript of 9/20/19 *ex parte* proceeding (*see* DE #807)

5.    The Court ordered these materials be treated as sealed and *ex*

*parte* at the request of defense counsel, and without objection from the government. The Court did so because they required defense counsel to disclose to the Court information about defense strategy and work-product and about Mr. Council's mental health that was considered legally privileged and confidential under various authorities, including but not limited to the attorney-client privilege, the work-product privilege, Federal Rule of Criminal Procedure 12.2, and the Fifth Amendment.

6. Although Mr. Council has been convicted and sentenced to death, those privileges survive, and would apply at any future proceedings in this case, including collateral challenges under 28 U.S.C. § 2255, a retrial or resentencing proceeding, or a competency hearing.

7. Accordingly, in order to remove any hindrance to the government's litigation of the appeal and the Fourth Circuit's consideration of it, while still safeguarding Mr. Council's rights, the parties agree it would be appropriate for the Court to:

- permit counsel for the government on appeal, Attorneys Joshua Handell and Ann O'Connell Adams with the Criminal Division of the Department of Justice, and their legal assistant, Ryen Hanna, to have access to the above-listed sealed-and-*ex-parte* material for the limited purpose of litigating Mr. Council's direct appeal;

- order the government's appellate counsel to maintain these items securely and not disclose them to anyone else (including but not limited to anyone else in the Department of Justice or anyone in the United States Attorney's Office in South Carolina), or to otherwise make use of these materials, for any other purpose besides litigating Mr. Council's appeal, without further authorization from this Court or the Fourth Circuit;

- provide that any material unsealed in this limited fashion, if filed by either party with the Fourth Circuit, be included in a separate, sealed appendix, and that any discussion of the contents of this material in either party's brief be redacted from the publicly filed version, and

- provide that nothing in this Court's order precludes either party from applying to the Court or the Fourth Circuit for further relief or for modification or supplementation of any provision of the order.

Accordingly, for these reasons, the Court should grant this joint motion and enter the proposed stipulated order that is appended.

Respectfully submitted,

/s/ Barry J. Fisher
Barry J. Fisher
Office of the Federal Defender, NDNY
39 North Pearl Street, 5th Floor
Albany, NY 12207
(518) 650-9031 tel.
barry.fisher@fd.org

*Counsel for Defendant*
  *Brandon Council*

/s/ Joshua K. Handell
Joshua K. Handell
U.S. Department of Justice
Criminal Div., Appellate Section
950 Pennsylvania Ave., N.W.
(202) 305-4244 tel.
joshua.handell@usdoj.gov

*Counsel for Plaintiff*
  *United States of America*

UNITED STATES OF AMERICA, )
)
)
v. ) No. 4:17-CR-866-RBH
)
BRANDON COUNCIL, )
)
Defendant. )
)

## **STIPULATED ORDER**

Upon consideration of the Joint Motion to Unseal Certain Record Material for Appeal, filed by Defendant Brandon Council and the United States of America, and by stipulation of both parties, it is hereby ORDERED that:

(1) The following docket entries, which the Court previously ordered be sealed, are UNSEALED:

- DE #240, government response to suppression motion, 8/30/18

- DE #428, #428-1, filings on proposed jury questionnaire, 6/5/19

- DE #501-1, Court proposed video script, 7/11/19

- DE #610, defense response to court order, 7/29/19

- DE #621, government brief re: deferring jurors, 7/30/19

- DE #651, exhibits from 8/14/19 motions hearing, 8/16/19

- DE #654, supplemental joint strikes for cause, 8/19/19

- DE #681, supplemental joint strikes for cause, 8/21/19

- DE #690, supplemental jury questionnaire (final, blank) with witnesses, 8/23/19

- DE #692, supplemental joint strikes for cause, 8/26/19

- DE #751, supplemental joint strikes for cause, 9/4/19

- DE #754, revised preliminary jury instructions (voir dire), 9/4/19

- DE #763, defense requested voir dire questions, 9/5/19

- DE #768, government proposed voir dire questions, 9/6/19

- DE #782, defense list of potential witnesses, 9/11/19

- DE #809, defense 1st email re: competency, 9/20/19

- DE #810, defense 2nd email re: competency, 9/20/19

- DE #811, defense experts' affidavit, 9/23/19

- DE #814, government email re: mental health issues, 9/24/19

- DE #815, defense email re: mental health issues, 9/24/19

- DE #828, government motion in limine to preclude mitigating factors, 9/26/19

- DE #830, defense response to government motion in limine, 9/26/19

- DE #834, order denying government motion in limine, 9/27/19

- DE #835, proposed sentencing instructions, 9/27/19

- DE #868, defense motion for assignment of appellate counsel,

11/13/19

(2) The following additional defense filings and transcripts of proceedings between defense counsel and the Court, which the Court previously ordered be sealed and *ex parte* (*i.e.*, kept confidential from the government as well as the public) are UNSEALED to a LIMITED EXTENT, as specified below in Paragraph Three through Five:

- DE #115, *ex parte* sealed document, 4/30/18

- DE #141, *ex parte* sealed document, 6/1/18

- DE #282, *ex parte* motion to continue, 10/3/18

- DE #508, *ex parte* sealed document, 7/16/19

- transcript of 10/18/18 *ex parte* proceeding (*see* DE #301)

- transcript of 4/6/18 *ex parte* proceeding (*see* DE #93)

- transcript of 7/17/19 *ex parte* proceeding (*see* DE #512))

- transcript of 9/20/19 *ex parte* proceeding (*see* DE #807)

(3) Counsel for the government on appeal, Attorneys Joshua Handell and Ann O'Connell Adams with the Criminal Division of the Department of Justice, and their legal assistant, Ryen Hanna, shall have access to the above-listed sealed-and-*ex-parte* materials for the limited purpose of litigating Mr. Council's direct appeal;

(4) Attorneys Handell and Adams and their legal assistant are

ordered to keep the above-listed sealed-and-*ex-parte* materials securely and not to disclose them or their contents to anyone else (including but not limited to anyone else in the Department of Justice or anyone in the United States Attorney's Office in South Carolina) or to otherwise make use of these materials, for any other purpose besides litigating Mr. Council's appeal, without further authorization from this Court or the Fourth Circuit; and

(5)    Any of the above-listed sealed-and-*ex-parte* materials, if filed by either party with the Fourth Circuit, shall be made part of a separate, sealed appendix, and any discussion of the contents of this material in either party's brief shall be redacted from the publicly filed version;

(6)    Nothing in this order precludes any party from applying to the Court or the Fourth Circuit for further relief or for modification or supplementation of any provision of the order.

IT IS SO ORDERED.


November ____, 2021              Hon. R. Bryan Harwell
Florence, South Carolina        United States District Judge

## <u>**CERTIFICATE OF SERVICE**</u>

       I certify that the foregoing was filed electronically through the ECF system and notice sent to counsel of record for all parties

                    s/ Barry J. Fisher
       _____