# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517
www.ca4.uscourts.gov

---

## NOTICE

---

May 9, 2022

No. 20-1 (L),     US v. Brandon Council
4:17-cr-00866-RBH-1

TO: Appellant

Appellant, who is represented by counsel, has tendered a pro se supplemental brief for consideration by the court.

Absent the filing of a motion to file a pro se supplemental brief, and the granting of that motion by the court, no consideration will be given to a supplemental pro se brief filed by an appellant who is represented by counsel.

Any motion to file the pro se supplemental brief must be filed on or before June 5, 2022.

Patricia S. Connor, Clerk

cc:     Counsel of record

21-8
GMB
GXP.

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA
Plaintiff - Appelle

Vs.

Brandon Michael Council
Defendant- Appellant

No 4:17-CR-00866-RBH-1

## MOTION TO FILE PRO SE SUPPLEMENTAL BRIEF

As it pertains to case # 4:17-CR-00866-RBH-1.
United States of America versus Brandon Michael
Council, I humbly request that the United States
Fourth Circuit Court of Appeals grant this motion
to file a pro se supplemental brief for the court
to circumspect. The explication for my desire to
file a pro se supplemental brief is due to my
appellate attorneys; Barry J. Fisher, Lisa M. Lorish,
Jerome Delpino, Anita Aboage-Ageyman, Jaclyn Tarlton,
and Margaret O'Donnel refusing to submit in my
Direct Appeal multiple cogent unprecedented constitutional
arguments and analysis for the court to consider
in favor of vacating my sentences to death.

RECEIVED
FOURTH CIRCUIT
2022 JUN -1 PM 4: 25

FILED: June 2, 2022

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-8
(4:17-cr-00866-RBH-1)

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

BRANDON MICHAEL COUNCIL

Defendant - Appellant

------------------------------

MENTAL HEALTH PROFESSIONALS

Amicus Supporting Appellant

ORDER

The court defers action on the motion for leave to file a pro se supplemental brief, with proposed pro se supplemental brief, pending consideration of the appeal on the merits.

For the Court--By Direction

/s/ Patricia S. Connor, Clerk

Margaret O'Donnell
Attorney at Law
P. O. Box 4815
Frankfort, Kentucky 40604-4815
(502) 320-1837
mod@dcr.net

January 18, 2021

Brandon Council
Reg. No. 63961-056
P.O. Box 33
Terre Haute, IN 47808

Dear Brandon,

Thank you for your January 5, 2021 letter. I apologize for my delay in responding. I spent most of last week outside the prison protesting the executions and just returned home late on Saturday.

As to your question, I am answering with the consensus of the entire team. Lisa and Rachel shared that you asked the same question of Lisa on your last call with them.

We too are frustrated by the covid restrictions on top of the executions and the general conditions of confinement in the SCU. We also know you are concerned about the time that our efforts to get you off death row are taking. The law, however, is clear that a person in your situation who wants to challenge the conviction or sentence he received at trial must do that initially in a direct appeal.

We have, as a team, considered, researched, and discussed this, and believe attempting to file a lawsuit against the Department of Justice or reaching out to the media might well be harmful to your chances of successfully challenging your conviction and sentence in your appeal and later proceedings. We continue to welcome your ideas and requests and will continue to try as we can to work them into the appeal. We also hope you will continue to be willing to read drafts of parts of the appeal brief and tell us ways you think they can be improved. You are a part of the team.

We also want you to continue to share your concerns about the conditions in the SCU. These have always been our concern as well.

You see that the reason they won't help me is not because they don't believe in the unprecedented irrefutable abortion arguments but because they believe the courts may retaliate,

Sincerely,

Margaret

Margaret O'Donnell
Attorney at Law

**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**NORTHERN DISTRICT OF NEW YORK**
39 N. Pearl Street, 5th Floor
Albany, NY 12207
Tel: (518) 650-9031
Fax: (518) 436-1780
barry_fisher@fd.org

LISA PEEBLES
FEDERAL PUBLIC DEFENDER

BARRY J. FISHER
FEDERAL CAPITAL APPELLATE RESOURCE COUNSEL

August 18, 2020

Brandon Council
#63961-056
USP Terre Haute, P.O. Box 33
Terre Haute, IN 47801

*Does this even slightly sound like logic from an individual who is mentally incompotent?*

Dear Brandon:

Sorry it has taken me so long to respond to the particulars about the Eighth Amendment that you put in your letter of June 24. I thought they were extremely interesting. One of the points you eloquently made, that I think is an important argument against the constitutionality of capital punishment, is that "solitary isolation" with the "constant artificial light, polluted oxygen and unfiltered water," along with "the verbalized threat of execution" and "contingent state of fear for one's life" causes "irreparable mental and emotional anguish." I believe this point can also be presented in your appeal. (This reminds me some of the argument that Justice Breyer made in the Glossip decision we sent you.) It is also what a nationwide expert on death-row isolation, Craig Haney, who inspected death rows at Terre Haute and elsewhere, testified all about recently in another federal death penalty case. (I am enclosing a transcript of his testimony, in case you are interested).

*Torture >*

Another point you made in your letter that struck me is about the 13th Amendment and how the exemption in its (which most people don't know about or pay attention to) was meant to let government officials continue "slavery and involuntary servitude" for people in prison – and, in terms of cruelty and suffering death-row isolation "is a version of that."

*Slavery >*

On the next few pages, I am including the answers to your request to each of the other members of your team to tell you their views on the 8th Amendment. We all look forward to discussing this with you.

Very truly yours,

Barry J. Fisher
Federal Capital Appellate Resource Counsel

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA
Plaintiff - Appelle

v.

Brandon Michael Council
Defendant - Appellant

No. G-33-☐

# PRO SE SUPPLEMENTAL BRIEF

Appellant Brandon Michael Council hereby humbly request that the United States Fourth Circuit Court of Appeals vacate all applicable death sentences pertaining to United States of America versus Brandon Michael Council. In support of this brief I would like to begin first with a quote by United States Supreme Court Justice Mr. Steven Breyer in his Glossip vs. Gross dissent. "Those who face that most severe sanction must have a fair opportunity to show that the Constitution prohibits their execution."

The Honorable Steven Breyer would have never made such an astonishing remark if it was impossible to prove that the U.S. Constitution prohibits Capital Punishment. The forthcoming analysis are the irrefutable aforttori explications that my Appellate Attorneys failed and refused to present to the Court for circumspection.

Beginning with Article 6 clause 2 of the U.S. Constitution which states, "This Constitution, and the laws of the United States which shall be made in Pursuance thereof and all Treatise made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

Federal Laws 18 U.S.C. 3591 - 3599 which are purposed and used for the judiciary facilitation of Federal Capital Punishment contravene the United States Constitutions 4th, 5th, 8th, 9th, and 14th Amendments. The Supremacy Clause, Article 6 clause 2 of the United States Constitution establishes Federal Statutes as Supreme only if they do not contradict the United States Constitution. The apparent and inapparent contradictions to irrevocable and irrefutable guaranteed protections of the 4th, 5th 8th, 9th and 14th Amendments invalidate the use of Capital Punishment because Federal Laws 18 U.S.C 3591 - 3599

contradict with previously ratified corrections made to the U.S. Constitution. The first and most significant Supremacy Clause violation that 18. U.S.C. 3591 - 3599 violates is the 4th Amendments right of the people to be secure in their persons. According to the verbatim text in this Amendment, this right to be secure in their persons shall not be violated. Merriam Websters Dictionary defines the word secure as: Easy in mind, Free from Fear, Free from danger or risk of loss, Safe, Certain, Sure. In addition Merriam Websters Dictionary defines the word person as: The body of a human being. The afortiori unprecedented analysis is that the 4th Amendment right to be secure in person can not be Superceeded and contradicted by 18 U.S.C. 3591 - 3599 but because this contradiction to Supreme law is apparent I request that the court take this Supremacy Clause Violation into consideration for just cause to vacate my Sentences to death.

18 U.S.C. 3591 - 3599 also contradicts the U.S. Constitutions 5th Amendment. The historical precedented interpretation of the U.S. 5th Amendment uses an ambiguous logical inference hoodwink to manufacture ambiguity to justify and substantiate the use of Capital Punishment. The verbatim language that is used in the 5th Amendment can not be accurately construed to permit deprivation of life with due process of the law. The 5th Amendment text, <u>Nor</u> be deprived of life, liberty, or property <u>without</u> due process of the law is being interpreted as <u>May</u> be deprived of life, liberty, or property

with due process of the law. This ratified Constitutional Amendment was written in the context that it is written in as a security mechanism to prevent judiciary abuse of the law. The 5th Amendments context can not be interpreted to permit anything but only to prohibit. If the authors of the 5th Amendment wanted to write, may be deprived of life, liberty, or property with due process of the law then they ascertainly would have done so if that was what their intent was, however the text that the authors used unequivocally proves that it was not. In 1791 to prevent the act of lynching congress ratified the Bill of Rights 5th Amendment to completely bar deprivation of life by mob action without legal sanction or due process of the law. The 5th Amendment was never intended to be a cornerstone of judiciary consent to facilitate or substantiate the use of Capital Punishment. The cogent evidence that proves this analysis is also found within the verbatim text of the United States Constitution. The 9th Amendment proclaims; The enumeration of the Constitution of certain rights, shall not be construed to deny or disparge others retained by the people. So, because of the 9th Amendment the 5th Amendment can not be interpreted to contradict the 4th Amendment right of the people to be secure in their persons. In addition to the logically infered, manufactured ambiguity that the 5th Amendments historical interpretation perpetuates, the U.S. 5th Amendment also triggers an additional Supremacy Clause violation by interpreting the U.S. 5th Amendment to contravene the U.S. 4th Amendment.

18 U.S.C 3591 - 3599 also triggers an 8th Amendment Supremacy Clause violation because the 8th Amendment prohibits Merciless punishment. Since the 13th Century according to Random House Websters Unabridged Dictionary the word cruel has been defined as merciless. Merriam Websters Dictionary defines the word cruel as; causing pain and suffering to others: Merciless. Merriam Websters Dictionary also defines the word mercy as compassion shown to an offender; also imprisonment rather than death for first-degree murder. In 1791 and prior to the ratification of the 8th Amendment all forms of Capital Punishment violated what both elements of the definition of cruel stated and even today with the latest form of innovation to facilitate Capital punishment, still violates the merciless element of the 8th Amendment. Even with the different language that was written in S. Johnson, A Dictionary of the English Language (4th Ed. 1773) which defined the word cruel as; pleased with hurting others; inhuman; hard-hearted: void of pity; wanting compassion, savage, barbarous; unrelenting and in (1828) N. Webster, An American Dictionary of the English Language defined the word cruel as disposed to give pain to others, in body or mind; willing or pleased to torment, vex or afflict; inhuman; destitute of pity, compassion or kindness the United States Judiciary still turned a blind eye to all the irrefutable knowledge that was available to their disposal. In recent years the United States Supreme Court has proclaimed that any physical contact that is not applied in a good faith effort to maintain or restore discipline but it is used to maliciously and sadistically cause harm

is unconstitutional. This judiciary determination of excessive physical force specifically indicates <u>any</u> physical contact. All forms of Capital Punishment require the exact use of the verbatim definition of excessive **force to carry out a death** sentence. The U.S **Supreme Court** made no **exemption in** this determination in relation **to Capital** Punishment. In Hudson v. McMillian the Court held that the use of excessive physical force against a prisoner could constitute an 8th Amendment violation even if it does not cause a serious injury. In its analysis the court propounded that the severity of the act of punishment rather than the severity of the resulting injury is the central element to the 8th Amendment.

The final Supremacy Clause breach that I am compelled to elucidate and shine light on is the 14th Amendment violation that 18. U.S.C. 3591-3599 creates. The U.S. 14th Amendment states, All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. 18 U.S.C. 3591-3599 violates the 14th Amendment because 44% of the nation has abolished the use of capital punishment. In reflection to the 14th Amendment there is no certain amount of equal protection to the laws if the Federal Department of Justice can use capital punishment and individual state Governments can choose to participate or abolish capital punishment.