IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Florence Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:17-cr-00866-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDON MICHAEL COUNCIL | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

MEMORANDUM OF LAW IN SUPPORT OF
THE UNOPPOSED MOTION TO APPOINT
COUNSEL FOR 28 U.S.C. § 2255 PROCEEDINGS

_____

Brandon Michael Council, an indigent person incarcerated under a federal sentence of death, through the undersigned counsel, has filed a motion for appointment of counsel, pursuant to 18 U.S.C. § 3599(a)(2) and *McFarland v. Scott,* 512 U.S. 849 (1994). Specifically, Mr. Council requests that this Court appoint the Capital Habeas Unit for the Fourth Circuit ("the CHU") and the § 2255 Unit of Indiana Federal Community Defenders ("the IFCD § 2255 Unit") to represent him. This request is time-sensitive because, as explained below, Mr. Council's statute of limitations for filing his § 2255 motion will begin running in the very near future. In support of this motion, counsel assert the following:

In September 2019, Mr. Council was convicted in this Court of charges

1

stemming from a 2017 bank robbery that resulted in the deaths of Donna Major and Kathryn Skeen. He was sentenced to death. The United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentences on August 9, 2023. *United States v. Council*, 77 F.4th 240 (4th Cir. 2023). Mr. Council's petition for certiorari is currently pending before the Supreme Court of the United States. *Council v. United States*, No. 23-953 (docketed March 1, 2024). The case is scheduled for conference on September 30, 2024.

## I.     Mr. Council Requires Timely Appointment of Counsel to Pursue Post-Conviction Relief under 28 U.S.C. § 2255.

If Mr. Council's petition for writ of certiorari is denied by the Supreme Court, he will have just one year to file a motion for relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f); *Dodd v. United States*, 545 U.S. 353 (2005) (quoting § 2255(f)(1), which provides that a "1-year period of limitation," running from the date the defendant's conviction became final on direct appeal, "shall apply to a motion under this section"). Mr. Council is financially unable to obtain counsel or other services and resources necessary to pursue § 2255 review.[1]

Per 18 U.S.C. § 3599(a)(2), an indigent prisoner such as Mr. Council who intends to initiate a "post conviction proceeding under . . . section 2255 . . . seeking to

---

[1] Mr. Council was found to be indigent by this Court shortly after his arrest on August 24, 2017, Doc. 5 & 6, and he remains so as he has been incarcerated since that time.

2

vacate or set aside [his] death sentence . . . shall be entitled to the appointment of one or more attorneys and the furnishing of" investigative, expert, or other reasonably necessary services. § 3599(a)(2). As with the previously existing right to counsel under 18 U.S.C. § 848(q), the right to counsel under 18 U.S.C. § 3599 attaches prior to the filing of a § 2255 motion. *McFarland v. Scott*, 512 U.S. 849, 855-56 (1994) (discussing § 3599's predecessor provision, the Court notes that "quality legal representation is necessary in capital habeas corpus proceedings" and that an "attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial because [of] 'the complexity of our jurisprudence in this area'") (quoting *Murray v. Giarratano*, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in the judgment)).

Because of the complexity of the proceedings and the qualitative difference of a death sentence, which demands a heightened "need for reliability" in capital proceedings, *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976),[2] it is appropriate and fairly common in capital § 2255 cases to have counsel in place when the statute of limitations begins to run. For example, in the case of Dylann Roof, the Supreme Court denied a writ of certiorari following denial of the direct appeal by the Fourth Circuit

---

[2] *See also California v. Ramos*, 463 U.S. 992, 998-99 (1983) ("[T]he qualitative difference of death from all other punishments requires a correspondingly greater degree of scrutiny of the capital sentencing determination.").

on October 11, 2022. *Roof v. United States*, 143 S. Ct. 303 (2022). Counsel for Roof were already in place and began entering appearances on July 7, 2022.[3] Doc. 1016 & 1017. This is because, unlike those sentenced in state court, § 2255 is the only collateral proceeding to which the federally death-sentenced prisoner is entitled. Accordingly, the request to appoint counsel prior to the resolution of the writ of certiorari is being made now to provide Mr. Council with the full year in which to properly prepare his § 2255 motion prior to the statutory filing deadline.

## II.    Proposed Counsel Is Qualified for Appointment to Mr. Council's Case.

Section 3599(c) sets forth the required qualifications for appointed counsel in

---

[3] *See also*, *e.g.*, *Taylor v. United States*, 548 U.S. 976 (2018) (denying cert. May 14, 2018); *United States v. Taylor*, No. 1:04-CR-160-1 (E.D. Tenn. July 21, 2017) (Doc. 969) (appointing counsel conditional on denial of cert.); *Snarr v. United States*, 571 U.S. 1196 (2014) (denying cert. Feb. 24, 2014); *United States v. Snarr*, No. 1:09-cr-00015-1 (E.D. Tex. Dec. 20, 2013) (Doc. 424) (appointing counsel); *Garcia v. United States*, 571 U.S. 1195 (2014) (denying cert. Feb. 24, 2014); *United States v. Garcia*, No. 1:09-cr-00015--2 (E.D. Tex. Dec. 20, 2013) (Doc. 423) (appointing counsel); *Ebron v. United States*, 571 U.S. 989 (2013) (denying cert. Nov. 3, 2013); *United States v. Ebron*, No. 1:08-cr-00036 (E.D. Tex. Mar. 12, 2013) (Doc. 309) (appointing counsel); *Caro v. United States*, 565 U.S. 1110 (2012) (denying cert. Jan. 9, 2012); *United States v. Caro*, No. 1:06-cr-00001 (W.D. Va. May 11, 2011) (Doc. 768) (appointing counsel); *Lighty v. United States*, 565 U.S. 962 (2011) (denying cert. Oct. 17, 2011); *United States v. Lighty*, No. 8:03-cr- 00457-1 (D. Md. May 16, 2011) (Doc. 394) (appointing counsel); *Fell v. United States*, 559 U.S. 1031 (2010) (denying cert. March 22, 2010); *United States v. Fell*, No. 5:01-cr-00012-1 (D. Vt. Dec. 17, 2009) (Doc. 278) (appointing counsel); *Basham v. United States*, 560 U.S. 938 (2010) (denying cert. June 1, 2010); *United States v. Basham*, No. 4:02-mj-00992-2 (D.S.C. Sep. 18, 2009) (Doc. 1247) (appointing counsel); *Johnson v. United States*, 555 U.S. 828 (20080) (denying cert. Oct. 6, 2008);*United States v. Johnson*, No. 01-cr-03046-MWB (N.D. Iowa Aug. 11, 2008) (Doc. 749) (appointing counsel).

capital cases, including at least one attorney who has been admitted in a federal court of appeals for five years and had not less than three years of experience appealing felony cases in that court. Alternatively, for good cause, this Court may appoint counsel "whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation." 18 U.S.C. § 3599(d). Additionally, the statutory preference under § 3599(e) is that appointed counsel "shall represent the defendant throughout every subsequent stage of available judicial proceedings . . . including all available post-conviction process." 18 U.S.C. § 3599(e).[4]

The Administrative Office of the United States Courts ("AO") has indicated, "[J]udicial officers should consider appointing at least two attorneys" in capital § 2255 proceedings "[d]ue to the complex, demanding and protracted nature of death penalty proceedings[.]" Guide to Judiciary Policy, Vol. 7, Pt. A, Ch. 6, § 620.10.20 (available at https://www.uscourts.gov/sites/default/files/guide-vol07.pdf (last visited Sep. 9, 2024). [5]

---

[4] As discussed below, however, it is essential that new counsel be appointed for § 2255 proceedings.

[5] Likewise, the American Bar Association recommends that no fewer than two attorneys be appointed in all capital cases. *See* American Bar Association, Guidelines for Appointment and Performance of Defense Counsel in Death Penalty Cases (February 2003) ("ABA Guidelines"), Guideline 4.1.

The Fourth Circuit, however, has long required appointment of two attorneys at trial in death-eligible cases, even where the government chooses not to seek the death penalty. *United v. Boone*, 245 F.3d 352, 358-61 (4th Cir. 2001). Moreover, the District of South Carolina's Plan for Implementing the Criminal Justice Act of 1964, As Amended, 18 U.S.C. Section 3006A, ("CJA Plan") (approved by the Judicial Council of the Fourth Circuit, Jan. 22, 2020) (available at http://www.scd.uscourts.gov/StandingOrders/Criminal_CJA_Procedure/Amended_Plan_For_Implementing_The_Criminal_Justice_Act_Of_1964.pdf (last visited Sep. 9, 2024)), instructs the court to appoint "at least two attorneys" and permits the Court to utilize the expert services available through AO, which includes out-of-district federal defender organization staff and capital habeas units, in order "to achieve cost and other efficiencies together with high quality representation." CJA Plan XIII(F)(2)-(3).

The CJA Plan specifically highlights the importance of "distinguished prior experience" in federal post-conviction and capital post-conviction representation under § 2254. CJA Plan XIII(F)(6)-(7). Likewise, the CJA Plan permits the Court to consider the commitment of counsel to capital representation and willingness to zealously represent the petitioner. *Id.* at XIII(F)(9). The CJA Plan also requires the Court to appoint counsel at the earliest opportunity and provide counsel with "appropriate litigation resources." *Id.* at XIII(F)(4).

In capital § 2255 proceedings, it is particularly important to appoint at least two attorneys to represent the prisoner. These cases are much larger in scope than their § 2254 counterparts. Because they have been prosecuted by the Department of Justice, with the involvement of numerous governmental agencies and experts, the trial records are usually far longer. These cases are also geographically widespread in that the trial took place in one state, the prisoner is in a second (Terre Haute, Indiana), and counsel often in a third.

The need for sufficient counsel is particularly important where, as in capital § 2255 proceedings, the labor-intensive tasks associated with developing the factual basis for potential claims for relief require substantial time to complete. Indeed, it should be noted that capital § 2255 proceedings differ widely from noncapital § 2255 motions, as capital § 2255 motions necessarily involve the additional burden of having to investigate and identify claims related to the penalty phase of the underlying criminal proceeding, a feature unique to capital cases.[6] The American Bar Association has aptly described these demands on capital post-conviction counsel:

> [P]roviding high quality legal representation in collateral review proceedings in capital cases requires enormous amounts of time, energy, and knowledge. . . .

---

[6] It is also common practice in capital § 2255s to appoint federal defender counsel from outside the district. That is because the in-district defender generally has a conflict from the trial level, as is the case here, and also because not every defender office has staff with capital habeas expertise.

> [Post-conviction counsel] cannot rely on the previously compiled record but must conduct a thorough, independent [reinvestigation of the case and the client].
>
> Reinvestigating the case means examining the facts underlying the conviction and sentence, as well as such items as trial counsel's performance, judicial bias or prosecutorial misconduct. Reinvestigating the client means assembling a more-thorough biography of the client than was known at the time of trial, not only to discover mitigation that was not presented previously, but also to identify mental-health claims which potentially reach beyond sentencing issues to fundamental questions of competency and mental-state defenses.

ABA Guidelines, Guideline 10.15.1 commentary.

Claims appropriately raised in post-conviction proceedings include: claims of juror misconduct; claims of prosecutorial misconduct; and claims of defense counsel's ineffective assistance. It is essential that post-conviction counsel differ from the counsel who represented Mr. Council at trial and/or on direct appeal. This is true so that conflict-free counsel are free to raise any matters of ineffective assistance of counsel that may become apparent during post-conviction investigation and litigation.

Pursuant to § 3599, this Court should appoint the CHU and the IFCD § 2255 Unit. Undersigned counsel were approached for appointment by the Federal Capital Habeas Project, which was created by the AO in 2006 to help identify qualified counsel for appointment in capital § 2255 cases and has done so since its inception. Counsel have also communicated with Mr. Council's direct appeal counsel who do

8

not oppose these appointments. Likewise, Ms. Norris has personally met with Mr. Council who consents to appointment of both the CHU and the IFCD § 2255 Unit.

The Capital Habeas Unit for the Fourth Circuit ("the CHU") was established by the Fourth Circuit in December 2020 to provide the federal habeas representation mandated by § 3599(e) for indigent, death-sentenced prisoners within its appellate jurisdiction. Based in the Office of the Federal Public Defender for the Western District of North Carolina, the CHU has a staff of attorneys with specialized expertise in capital jurisprudence and who meet the qualification standards set forth in § 3599(b) and (c).

IFCD is the federal defender office closest to the federal death row in Terre Haute, Indiana. IFCD houses a unit solely focused on representing individuals on federal death row in capital § 2255 proceedings ("the § 2255 Unit"). It is the nation's only dedicated Capital § 2255 Unit. The Defender Services Committee of the Judicial Conference authorized in 2019 the creation of IFCD's Capital § 2255 Unit as a response to the growing number of federal capital post-conviction cases and with the expectation that it would appear in such cases around the country.

A protocol established by the AO requires that if a Federal Defender Office plans to seek appointment to a case outside of its district, as the IFCD is doing here, notice must be provided to the chief judges of the Courts of Appeals with jurisdiction over the district where the Federal Defender Office is located and the district where

9

the appointment will be sought. Pursuant to this protocol, Chief Judge Albert Diaz of the Fourth Circuit and Chief Judge Diane Sykes of the Seventh Circuit have been notified and do not object. As this case falls within the Fourth Circuit, the protocol does not apply to the CHU.

The Assistant Federal Public Defenders of the CHU and the § 2255 Unit possess the combined requisite experience and qualifications for appointment in a capital § 2255 case. Appointment of this legal team will ensure that Mr. Council's prospective claims for relief are properly investigated and pled in a cost-effective manner.

Per the guidelines promulgated by the Judicial Conference for the United States Courts, cases "assigned to a federal public . . . defender organization . . . should be made in the name of the organization . . . rather than in the name of an individual staff attorney within the organization,"[7] and "federal public defenders . . . should be responsible for the assignment of cases within their own offices."

The Federal Public Defender, John G. Baker, and the CHU Chief, Gerald W. King, Jr.,[8] intend to assign Teresa L. Norris as lead counsel in this case. Ms. Norris

---

[7] See Guide, Vol 7A, § 220 (available at https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-220-appointment-counsel) (last visited Aug. 19, 2024).

[8] Mr. King has more than twenty years of experience in all stages of federal capital habeas proceedings and appeals, as well as executive clemency proceedings. Mr. King has served as Chief of the CHU for three years. He worked previously as a

has been a member in good standing of the South Carolina bar since November 1990. She is also admitted to practice before the United States Supreme Court, the United States Court of Appeals for the Fourth Circuit, the United States District Courts for the District of South Carolina and the Eastern District of Texas, the United States Court of Appeals for the Armed Forces, and the United States Army Court of Criminal Appeals. She has directly represented approximately sixty (60) indigent capital defendants in various stages of their proceedings, including state and federal capital trials, state and federal capital appeals, state post-conviction relief proceedings, § 2254 habeas corpus proceedings, § 2255 proceedings, and state and federal clemency proceedings. Her most recent appearances in § 2254 federal habeas proceedings include appearances for death-sentenced inmates from South Carolina, North Carolina, and Virginia, as well as appearances in § 2255 post-conviction proceedings and on direct appeal for federally death-sentenced inmates sentenced in the Western District of Missouri and the Eastern District of Virginia. *See, e.g.*, *Bowman v. Stirling*, 45 F.4th 470 (4th Cir. 2022); *Williams v. Stirling*, 914 F.3d 302 (4th Cir. 2019); *Morva v. Zook*, 821 F.3d 517 (4th Cir. 2016); *Purkey v.*

---

staff attorney in the CHU for the Northern District of Georgia and with the Equal Justice Initiative of Alabama. Mr. King has been admitted to practice before the Supreme Court of the United States, the U.S. Courts of Appeals for the Fourth, the Eleventh, and the D.C. Circuits, the U.S. District Courts in the Northern and Middle Districts of Georgia and the District of Columbia, the Supreme Court of Georgia, and the State of North Carolina.

*United States*, 729 F.3d 860 (8th Cir. 2013); *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013).

The Executive Director of IFCD, Monica Foster, and the § 2255 Unit Chief, Angela Elleman,[9] intend to assign attorneys and support staff to this case with the understanding that Ms. Norris will serve as lead counsel.

### III.     Appointment of Proposed Counsel Will be Cost-Effective

Pursuant to 18 U.S.C. § 3599(a)(2), appointing the CHU and the IFCD § 2255 Unit will reduce overall costs while providing effective representation. Both offices are willing and able to represent Mr. Council in the capital § 2255 proceedings at no cost to this Court. Expenses and fees for travel, record collection, and experts, if necessary, would also be paid by the CHU and the IFCD.

Appointment of the CHU and the IFCD as co-counsel will help contain the costs associated with capital § 2255 litigation while providing Mr. Council with experienced and qualified post-conviction counsel. Capital § 2255 cases tend to

---

[9] Ms. Elleman also has more than twenty years of experience litigating capital cases from trial through post-conviction, including executive clemency. She has served as the § 2255 Unit Chief for three years. She is a former Assistant Federal Defender from the Defender Association of Philadelphia's Capital Habeas Unit, as well as former Chief of the Capital Trial Division of the Louisville (KY) Metro Public Defender's office. She is a member in good standing of the Supreme Court of Kentucky. She has argued in the United States Court of Appeals for the Fourth Circuit and has appeared in multiple district courts, including the District of Maryland, the Eastern District of Pennsylvania, the Western District of Pennsylvania, the Middle District of Pennsylvania, the Southern District of Georgia, the Western District of Missouri, and the District of South Carolina.

12

require considerably more resources than do capital § 2254 cases arising from state court convictions. This is because of § 2255 cases' size and scope, and also because § 2255 proceedings are the first and only round of collateral review. No state court collateral proceedings happen before the § 2255 proceedings in federal court, whereas in § 2254 cases there was a prior round of collateral review in the state courts. All factual development in § 2255 cases must happen in the § 2255 proceedings, whereas in § 2254 cases the factual development is supposed to take place predominately in the prior state court collateral proceedings. Further, in § 2255 cases, including Mr. Council's case, the client often is housed in a different jurisdiction from the location of the trial. Witnesses often are in yet other locations. Representation by federal defender organizations has proved cost-effective in capital § 2255 cases because of their in-house resources, staffing, and infrastructure, all of which facilitate the management and processing of voluminous records and the handling of multiple tasks within short periods of time. Moreover, the fact that any necessary investigators and experts would be paid out of the Defender's budget would greatly simplify the administrative burden on the Court as well as the budgeting process.

The § 2255 Unit's location in Indianapolis will result in cost savings because it is only an hour from the Special Confinement Unit at USP Terre Haute, where Mr. Council is housed, and where office staff travel regularly to see other clients, including clients on federal death row. The IFCD's geographic proximity will thus

13

allow it to communicate and conduct legal visits with Mr. Council easily.

The CHU's location in Charlotte, North Carolina, will also result in cost savings. The CHU is in close proximity to this Court, as well as the crime scene, and the area where many key witnesses appear to be located.

The experience of the CHU and the § 2255 Unit staff with capital post-conviction, habeas corpus, and 2255 proceedings, as well as the experience of Ms. Norris, who has been a member of this Court for approximately 30 years, with local practice will ensure that Mr. Council's prospective claims for relief are properly and efficiently investigated and plead.

WHEREFORE, pursuant to 18 U.S.C. § 3599, undersigned counsel respectfully request that the Court appoint the Capital Habeas Unit of the Fourth Circuit and the Indiana Federal Community Defenders Capital § 2255 Unit[10] to represent Mr. Council in seeking all available post-conviction remedies.

---

[10] Some attorneys in the CHU and attorneys with the IFCD are not members of the Bar of this Court. Undersigned counsel are aware of this Court's Local Rules regarding the appearances by attorneys not admitted in the District. If the CHU and the IFCD 2255 Unit are appointed, additional assigned attorneys will file notices of appearance, as required pursuant to Local Rule 83.I.05.

14

Respectfully submitted,

**Gerald W. King, Jr.**
Chief, Capital Habeas Unit
for the Fourth Circuit
Gerald_King@fd.org

**Teresa L. Norris, Fed. ID #6447**
Capital Habeas Unit for the Fourth Circuit
Teresa_Norris@fd.org

Federal Public Defender
Western North Carolina, Inc.
129 W. Trade Street, Suite 300
Charlotte, NC 28202
Telephone: (704) 374-0720
Fax: (704) 374-0722

*/s/Teresa L Norris*
Assistant Federal Public Defender

September 10, 2024.

15