FEB 20 '25 AM11:29
RCVD - USDC FLO SC

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> v. ) <br> Brandon Michael Council ) | No. 4:17-CR-00866-JD |

## PETITIONERS REPLY TO UNITED STATES OPPOSITION TO PETITIONERS MOTION FOR SENTENCE REDUCTION

The response to the petitioners motion for sentence reduction intentionally misconstrues the gravity of the extraordinary and compelling circumstances, elucidations, and events that were presented to the United States District Court for circumspection, so that a fallacious and balderdash argument, which opposes the petitioners sentence being reduced to time served, will have some resemblance of credibility. The United States response does not assert or attempt to deny or disprove that the use of physical or psychological torture within the jurisdiction of the United States is illegal. Nor does the United States contend that the petitioners allegation of being subjected to torture is frivolous, fraudulent, or inaccurate.

Multiple claims imparted by the United States, in opposition of granting the petitioners motion for sentence reduction are mendacious hoodwinks that are intended to persuade the United States District Court that the petitioners claim for relief is only cognizable under 28 U.S.C § 2241 Habeas Corpus. On page 3 entry # 959, the United States proclaimed, "that the petitioners claim is not unique to him such that it is not a basis for the rare remedy of Compassionate Release. The United States has negligently omitted the incontrovertible fact that the basis of all reduction of sentence motions are premised upon unforseeable extraordinary and compelling circumstances that could not have reasonably been forseen at the time of the petitioners sentencing. On August 14th 2019, (entry # 956-1), the United States District Court inquired as to whether or not future conditions of confinement were going to be an issue. Both the Assistant United States Attorney, and the petitioners Defense Attorney, believed and stated that the petitioners future conditions of confinement would not be an issue. Therefor the United States District Court had no aforeknowledge that the petitioner would ever be confined in flagitious conditions that unequivocally violate Sublime, United States Constitutional law, and exceed the criteria that constitutes torture. On page 4 entry # 959 the United States asserted inaccurate and misleading statements, by proclaiming that there are only 6 categories of circumstances that can constitute extraordinary and compelling reasons to justify or warrant a reduction

of sentence, and Council's claim fits into none of them. Program Statement 5050.50 does list a collection of 6 categories that could warrant a reduction of sentence, yet the verbatim language utilized by the United States Department of Justice, irrefutably recognizes a far wider scope, which allows United States District Courts to independently consider, determine, and evaluate any particularly extraordinary and compelling reason which could not reasonably have been forseen. As previously inculcated, the United States District Court could not have reasonably forseen, guessed, or accurately concluded that after the petitioner was sentenced to death that he would be illegally and unconstitutionally tortured while in custody of the United States Attorney General. On October 7th 2019, when the petitioner was sentenced to death, the unanimous decision by a panel of jurors was death, not torture, or torture, prior to execution. The United States has failed to raise any cogent argument that has the ability to supersede the extraordinary and compelling argument that the petitioner was illegally tortured, and that subjection to torture of any kind, for any reason, intended or by negligence is a miscarriage of justice that can only be rectified by an approriate and lawful United States District Court ruling which includes release from the custody of the United States Attorney General. Furthermore the petitioners legal and medical circumstances do and can fall under two of the 6 categories of examples,

which are categorized as medical and non-medical extraordinary and compelling circumstances. The United States has also mislead the Court in regard to Section 1B1.13, which indicates that a prisoner must not be a danger to the safety of any other person, or to the community. Section 1B1.13 which the United States is attempting to allude to the petitioners perceived threat or danger to the safety of another person or the community is a deflection of the petitioners subjection to an illegal and unjustifiable physical and psychological form of torture within the jurisdiction of the United States, that is explicitly prohibited by the United States Constitutions historical interpretation of the 8th Amendment, and multiple ratified International Treaty Agreements made betwixt the United States and the United Nations. The petitioner has been incarcerated on death row 1,922 days. 1,918 days without any disciplinary infractions of any kind. Within the over 5 year time period, the petitioner was stationed at the Terre Haute Special Confinement Unit, the petitioner was issued 4 incident reports related and caused by his untreated mental illness. None of these reports involve or allege any physical contact with another human being, and in light of the United States deceitfully choosing to present inaccurate defamation to the Court, to provoke unnecessary and unjustifiable contempt and disdain towards the petitioner, the petitioner would like to disprove the United States mendacious statement to the Court.

On page 9 entry # 959 the United States proclaims that the petitioner has been disciplined for physically and sexually assaultive behavior directed at prison staff on 4 occassions during his time at U.S.P. Terre Haute. The petitioners worst alleged behavior that was attributed to his mental illness was indecent exposure, which B.O.P policy categorizes as a sexual act. When the Disciplinary Hearing Officer processed and reviewed the petitioners third incident report, which was unintentional, the Disciplinary Hearing Officer changed the allegation from indecent exposure to attempted sexual assault without force, which the court can see by reviewing (exhibit C). The petitioner has been housed on the honorary and extended privilege section of death row twice, and is now currently housed in this section of the prison where Executive Bureau of Prison Administrators have determined that within the confines of the Terre Haute Special Confinement Unit, the petitioner Brandon Michael Council poses no threat to Bureau of Prison staff or inmates. On page 5, entry # 959, the United States has asserted that, "Courts have held that harsh prison conditions, whether due to the pandemic, or other factors do not justify a reduced sentence." The United States has once again attempted to hoodwink the United States District Court with inaccurate and misleading statements. None of the case law referenced by the United States on page 5 are in reference to or are related to an explicitly prohibited, unauthorized use of torture.

Furthermore, it is abundantly clear that the United States is deliberately attempting to avoid the cardinal issue, pertaining to the petitioners argument that his unlawful subjection to torture superfluously qualifies as legal and medical extraordinary and compelling circumstances that should automatically call for the most significantly available relief. The United States has repetitively refered to the petitioners subjection to torture /as though, solitary confinement, prison conditions, and conditions of his confinement, are synonomous with torture. It is unfortunate that the United States refuses to see, or acknowledge the egregious miscarriege of justice that has unequivocally been demonstrated by the petitioners unconstitutional subjection to an ascertain form of cruel and unusual punishment. On the subsection portion of page 5 entry # 959 the United States asserted that, "Given that the petitioners death sentence has been commuted, his claims related to his confinement on death row are likely moot in addition to being inappropriate for consideration under $ 3582 (C) (1)(A): The afortiori elucidation why the petitioner has entreated the United States District Court is because the petitioner has an unalienable right not to be inflicted by any form of recognized, and ascertain, cruel and unusual punishment. The United States District Court was specifically entreated to end the petitioners unlawful subjection to torture, (entry # 956, petitioners parting conclussion.)

On January 20th 2025, President Trump made an Executive Order, (please see exhibit D) which states - the Attorney General shall evaluate the places of imprisonment and conditions of confinement for each of the 37 offenders whose Federal Death sentences were commuted by President Biden, and the Attorney General shall take all lawful and appropriate action to ensure that these offenders are imprisoned in conditions consistent with the monstrosity of their crimes, and the threats they pose. Its apparent that the instructions given to the United States Attorney General, by the President of the United States, are to transfer the 37 men who were granted clemency on December 23rd 2025 to facilities that are heinous in nature. On January 8th 2025 a referral was made to send the petitioner to ADX Florence, which is #16 of the worlds worst prisons, (entry # 956 -1 pg 23 of 178.) So the United States argument, that the petitioners claim for relief is moot is notwithstanding. ADX Florence is even more nefarious than U.S.P. Terre Haute and it utilizes the exact same conditions to subject and inflict physical and psychological torture against the prisoners who have been housed at that particular facility. It is also imperative that I inform the Court that all other individuals who have had their sentence to death overturned and vacated were sent to Bureau of Prisons General Population. On page 19, (entry # 956) of the petitioners motion for sentence reduction, the petitioner earnestly beseeched the United

States District Court to lawfully intervene and end the petitioners illegal and unconstitutional subjection to torture. The United States believes that it is inappropriate to grant the petitioners motion however not one single sentence imparted by the United States proclaimed that it is inappropriate, illegal, or unjustifiable for the petitioner to be subjected to torture. 10 years ago the Supreme Court of the United States asserted that if the objection to capital punishment is that death row is a more confining environment, the solution should be modifying the environment rather than abolishing the death penalty. Some of the individual states have wisely and appropriately heeded the caution of the Supreme Court and have taken the necessary measures to ensure that the individuals who have been sentenced under Federal and State law are not unconstitutionally, illegally, and unjustifiably punished by being indefinitely subjected to an explicitly prohibited form of physical and psychological torture. The Federal Bureau of Prisons has unfortunately not taken heed to the wisdom of the Supreme Court, nor has the problem of torture been systematically rectified. On page 10, entry # 959, the United States asserts that the Court should not intervene to further diminish the gravity of Council's offenses by granting him an early release from custody. Doing so would not only constitute a miscarriage of justice, but would also further erode the publics confidence in the finality

of a jury verdict in the federal courts. The United States has theoretically entreated the United States District Court to weigh an imaginary and perceived, indefensible, an alleged, miscarriage of justice, against the profound weight of a legitimate, ascertain, irrefutable preponderance of evidence, that if tested will prove true time and time again, to be an incontrovertible example of torture and miscarriage of justice. Liberally construed, the United States has both figuratively and literally asked the United States District Court to turn a blind eye to superfluous unequivocal facts for the sake of not further eroding the publics confidence, or possibly offending the families of Mrs. Skeen and Mrs. Major by granting the petitioners motion. As I humbly conclude this response it is apparent that the United States has demonstrated several falsehoods with the intent to deceive the United States District Court and that their comprehension, of justice is more concerned with dissimulation appearances, pride, and their reputation. Please do not allow the United States to persuade you to deny the petitioners motion based upon their misguided sense of justice and U.S. Constitutional Rights.

Earnestly Entreated    2-13-25
Brandon M. Council / 63961056
U.S.P. Terre Haute
P.O. Box 33
Terre Haute, IN, 47808