(Exhibit J)

FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | Nos. 20-1, 21-8 |
| | ) | |
| BRANDON COUNCIL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

## RESPONSE TO SECOND *PRO SE* MOTION
## FOR SUBSTITUTION OF COUNSEL

As directed by the Court, counsel for Defendant-Appellant Brandon Council submit this response to Mr. Council's January 17, 2023, *pro se* letter, asking for substitution of counsel.[1] (*See* DE #103, #104). Mr. Council previously sent a similar request about a year ago, which the Court denied after counsel responded to it. (*See* DE #61, #62, #66).

Mr. Council's most recent letter complains that, among other things, his

---

[1] The Court also temporarily sealed Mr. Council's letter and directed his counsel to file a motion if they wish to keep it sealed. (*See* DE #104). While Mr. Council did attach a letter from counsel containing confidential communications protected by the attorney-client privilege, that letter has already been publicly disclosed when he attached it to a similar motion for substitution of counsel he recently filed in the district court and that court publicly docketed the filing.

1

pg 1 of 4

(Exhibit J)

counsel are guilty of "turning a blind eye" to "the nations most disgraceful bombshell whistleblower muckrake in centuries" by not seeking a "generous non disclosure agreement settlement and absolute pardon," "going to the media," or using international treaties to challenge the "Physical and Psychological torturous contraption" that is federal death row.[2]  Moreover, while noting that he received from his counsel a copy of the government's December 2022 motion indicating it was internally reviewing his case, he complains that counsel did not arrange for him to attend the review, give him further details about it, or share counsel's letters to the government that had prompted it.[3]  (DE #103 at 1-4).

Counsel, both experienced appellate practitioners, are familiar with their ethical and legal obligations to Mr. Council and his appeal, including their obligations under this Court's directive on "CJA Representation: Client Communications," http://www.ca4.uscourts.gov/appointed-counsel/cja-cases/cja-representation; the A.B.A. Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases, Guideline 10.5 ("Relationship With the Client"), and 10.15.1 ("Duties of Post-Conviction Counsel") (rev. 2003); and the A.B.A. Criminal Justice Standards

---

[2] Mr. Council made similar statements in the pro se supplemental brief he previously submitted to the Court (*see* DE #89, #91, #92), a copy of which he attaches to his new letter as well.

[3] Counsel is not privy to details about the internal review.  Counsel offered to share with Mr. Council their letters to the government.

2

USCA11 Appeal: 20-1    Doc. 107    Filed: 01/29/2023    Pg. 3 of 3

(Exhibit J)

on Mental Health, Standard 7-1.4 ("Roles of the Attorney Representing a Defendant With a Mental Disorder") (2016).

Counsel believe they have been meeting those obligations, and will continue to meet them, including in their decision-making about the contents of Mr. Council's briefing as well as in their regular, lengthy efforts to consult with him about his appeal (in person, by telephone, and by mail); keep him apprised of motions, orders, and other developments in this litigation; and explain his right to present his additional arguments and theories to this Court via motion for leave to file a *pro se* supplemental brief or briefs.

pg 3 of 4

(Exhibit J)

Respectfully submitted,

/s/ Barry J. Fisher
Barry J. Fisher
Office of the Federal Defender, NDNY
54 State Street, 2nd Floor
Albany, NY 12207
(518) 650-9031 tel.
barry_fisher@fd.org

Jaclyn L. Tarlton
Office of the Federal Defender, EDNC
150 Fayetteville Street, Suite 450
Raleigh, NC 27601
(919) 856-4236 tel.
jackie_tarlton@fd.org

*Counsel for Appellant Brandon Council*

4

pg 4 of 4