IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Florence Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:17-cr-00866-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDON MICHAEL COUNCIL | ) | |
| Defendant. | ) | |
| | ) | |

## ***NOTICE REGARDING PRO SE CORRESPONDENCE TO THE COURT***

Counsel for Defendant Brandon Council acknowledge receipt of Mr. Council's correspondence dated April 29, 2025, and entered on this Court's docket on May 12, 2025. (DE #963). This correspondence includes as an exhibit a similar letter that Mr. Council sent to the United States Court of Appeals for the Fourth Circuit.[1]

Mr. Council asserts that counsel's "efforts" to represent him are "corrupted" by a "conspir[acy] to conceal and withhold evidence" of the "tremendous amount of high profile, political, and controversial issues involving [his] case" and "irrefutable evidence" that will "inevitably cause" the Supreme Court to end capital punishment and prove that he has been subjected to torture. (DE #963 at 2, 3). Mr. Council asserts

---

[1] Mr. Council sent two letters to the United States Court of Appeals for the Fourth Circuit requesting the substitution of appellate counsel for similar reasons; both requests were denied. *See* (DE #963-3); also attached as Exhibits 1, 2.

that failing to advise this Court of his "whistleblower revelations" by "relay[ing] [these] unprecedented revelations to the United States government, or media" constitutes the "willful participation inf concealing evidence" and "obstructing justice." (*See* DE #963 at 3, 4, 5, 6). Mr. Council accuses counsel of "morally degenerate and improper conduct," planning to submit a post-conviction relief motion "against [his] will," and "request[ing that he] be deemed mentally incompetent" so that counsel could "remain [his] attorney." (DE #963 at 2).

Counsel affirm that they are aware of their ethical and legal obligations to Mr. Council, including the ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases, Guideline 10.5 ("Relationship with the Client"), Guideline 10.8 ("The Duty to Assert Legal Claims"), Guideline 10.15.1 ("Duties of Post-Conviction Counsel") (rev. 2003); and the ABA Criminal Justice Standards on Mental Health, Standard 7-1.4 ("Roles of the attorney representing a defendant with a mental disorder") (2016). Counsel will continue to meet those obligations, which include consulting with appropriate mental health and ethics experts. Counsel also assures the court that they will perform their "duties according to the ethics, values, and morals that they have sworn upon oath to uphold according to the Constitution of the United States," with awareness and due consideration of Mr. Council's wishes. (DE #936 at 7.) Counsel are in regular contact with Mr. Council and will

make no decisions about his case without consulting him and considering their

ethical obligations.


Respectfully submitted,

s/ Teresa L. Norris
TERESA L. NORRIS #6447
Assistant Federal Public Defender
Capital Habeas Unit
      For the Fourth Circuit
129 West Trade Street, Suite 300
Charlotte, NC 28202
Teresa_Norris@fd.org
(704) 374-0720 (telephone)
(704) 375-2287 (fax)

s/Charity L. Brady
CHARITY L. BRADY
Assistant Federal Public Defender
Indiana Federal Community
 Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
Charity_Brady@fd.org
317-383-3520 (telephone)

May 22, 2025