Exhibit 2

1-17-23

Dear Fourth Circuit Court of Appeals.

My name is Brandon Michael Council. On Thursday January 5th 2023 I had a legal visit with two of my Capital Appeals attorneys. Present with me at the Terre Haute Special Confinement Unit were attorneys Margaret O'Donnell and Barry Fisher. During that visit both of my attorneys stated that their professional observation and assessment of my current and ongoing conditions of confinement constitute Torture. The problem that I have with my attorneys is that they know it can prove"it and silently do nothing about it. I have pretty much begged them to file civil action and go to the media and they refused without offering any rational explanation other than the team has decided that filing suit or going to the media will hurt my appeals. My point to them that they seem incapable of comprehending is that Torture can not be justified under any exceptional circumstances. The sentencing court in my Capital trial was aware of the need to discuss issues pertaining to my future conditions of confinement. With that being said the alert was raised that there could be legal issues regarding the conditions of confinement on Death Row. Little did I know that I would be led directly into a Physical and Psychological Torturous contraption. My lawyers refused to present my legal arguments to the court because they unequivocally prove the Supreme Courts sustaining the use of Capital Punishment is indefensible. (See Pro Se Supplemental Brief)

RECEIVED

JAN 24  PM 1:41

FOURTH CIRCUIT

My attorneys need to be replaced by people who don't care who the truth offends as long as it is infallible truth beyond any reasonable doubt. On January 5th the issue of Media interviews was brought to my attorneys attention again. My attorneys refused to go to the media about my subjection to torture because they don't genuinely care about me as their client. There is no competent Judge in the nation who will argue that Torture is permitted in the United States. So, my conclussion that I have drawn is that my attorneys are deliberately indifferant to the severity of my conditions of confinement and the magnitude of the word Torture. Article 6 clause 2 of the United States Constitution states all Treaties made or which shall be made under the authority of the United States shall be the supreme law of the land. The United States has ratified the United Nations Convention Against Torture and the International Covenant on Civil and Political Rights. I guess, the enormity of the question is how do you resolve a case that involves a U.S. citizen who has been flagitiously injured and subjected to Torture who was federally sentenced to death? My answer is short, simple, and sweet. You give the injured party a generous non disclosure agreement settlement and absolute pardon. I'm aware that this court doesn't have the judiciary authority to make that decision but the consequences for turning a blind eye could be the nations most disgraceful bombshell whistleblower muckrake in centuries.

Another topic that I'm inclined to present to the Court is that my case is not being sufficiently handled by my attorneys because they have been aware of an unprecedented Special Review by Main Justice and they either couldn't give me any specifics about the Special Review Process or they wouldn't give me any details. My attorneys have known about this process for approximately 1 month when they visited me on January 5th and didn't know anything. Mr. Fisher attempted several times to fabricate specifics such as the date of the review which he alleged would transpire on the Governments extension deadline date of January 26th but the motion does not indicate any such reference in the motion. Its my attorneys duty and logical obligation to be informed on matters involving my case and Mrs. O'Donnell and Mr. Fisher couldn't give me answers that a simple telephone call or e-mail could have answered. The information I was seeking was about who would be allowed to attend the review, the date and time of the review; and the possible conclusions that could be drawn from the Department of Justice. Basically I'm being left in the dark as indicated in the section of the Governments motion that indicated that my attorneys had written several letters to Main Justice asking them not to defend my Capital Sentence. The first notification of this letter(s) was through my copy of the motion. Somebody needs to take a serious look into my attorneys actions.

At this point all I want is attorneys who can be trusted and will represent the truth even if it so happens to shine bad light on the judiciary practices that facilitate injustice in America. My purpose and request is for the Court to assign me new attorneys because the attorneys I have been provided are only inclined to look out for their best interest and career advancements.

Sincerely,
Brandon M. Council / 63961056
U.S.P. Terre Haute
P.O. Box 33
Terre Haute, IN, 47808

EB 1
21-8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

UNITED STATES OF AMERICA,      }  4:17-CR-00866-RBH
                               }
         VERSUS                }  AUGUST 14, 2019
                               }
BRANDON MICHAEL COUNCIL        }  FLORENCE, SC
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  }

BEFORE THE HONORABLE R. BRYAN HARWELL
UNITED STATES DISTRICT JUDGE

TRANSCRIPT OF PROCEEDINGS
MOTIONS HEARING

(STENOTYPE/COMPUTER-AIDED TRANSCRIPTION)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
BETH A. KRUPA, RPR, CRR
UNITED STATES COURT REPORTER
401 WEST EVANS STREET
FLORENCE, SC  29501

*Beth A. Krupa, RPR, CRR*

82

ATTORNEY ADEPOJU:   Thank you.

(Brief pause.)

THE COURT:   Yes, let me ask you, I think Mr. Shoemake indicated that he didn't think future conditions of confinement or comparative proportionality was going to be an issue.   Do we need to address that?

ATTORNEY ADEPOJU:   No, Your Honor, I think it's entirely right what we indicated to the Court is what we intend to do.   If that changes, we'll let the Court and the government know right away.

THE COURT:   Okay.   All right.   Let's take up the next category.

ATTORNEY SHOEMAKE:   Yes, Your Honor, so the next category actually covers the rest of this motion and two other motions because they're virtually the same argument. This covers Section 1-A from the omnibus penalty motion and it covers the motions regarding Dr. McCarter and Mrs. Grey.

THE COURT:   Okay.   Let's start with -- I guess let's start with Dr. Susan McCarter.

ATTORNEY SHOEMAKE:   Yes, Your Honor, so we have filed a motion in limine to generally, initially to generally exclude what we thought was coming in as mental health evidence and now that we've seen these two disclosures, we have a little more specificity.

Your Honor, as a general rule, the defendant

*Beth A. Krupa, RPR, CRR*

Margaret O'Donnell
Attorney at Law
P. O. Box 4815
Frankfort, Kentucky 40604-4815
(502) 320-1837
mod@dcr.net

January 18, 2021

Brandon Council
Reg. No. 63961-056
P.O. Box 33
Terre Haute, IN 47808

Dear Brandon,

Thank you for your January 5, 2021 letter. I apologize for my delay in responding. I spent most of last week outside the prison protesting the executions and just returned home late on Saturday.

As to your question, I am answering with the consensus of the entire team. Lisa and Rachel shared that you asked the same question of Lisa on your last call with them.

We too are frustrated by the covid restrictions on top of the executions and the general conditions of confinement in the SCU. We also know you are concerned about the time that our efforts to get you off death row are taking. The law, however, is clear that a person in your situation who wants to challenge the conviction or sentence he received at trial must do that initially in a direct appeal.

We have, as a team, considered, researched, and discussed this, and believe attempting to file a lawsuit against the Department of Justice or reaching out to the media might well be harmful to your chances of successfully challenging your conviction and sentence in your appeal and later proceedings. We continue to welcome your ideas and requests and will continue to try as we can to work them into the appeal. We also hope you will continue to be willing to read drafts of parts of the appeal brief and tell us ways you think they can be improved. You are a part of the team.

We also want you to continue to share your concerns about the conditions in the SCU. These have always been our concern as well.

Sincerely,

Margaret

Margaret O'Donnell
Attorney at Law

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRANDON COUNCIL,

Defendant-Appellant

Nos. 20-1, 20-8

---

## UNOPPOSED MOTION FOR A 45-DAY EXTENSION OF TIME TO FILE THE GOVERNMENT'S BRIEF

Plaintiff-appellee the United States of America, by and through undersigned counsel, respectfully moves for a 45-day extension of time, to and including **January 26, 2023**, in which to file its brief. This motion is unopposed.

1.      In October 2019, the district court for the District of South Carolina imposed a capital sentence on defendant-appellant Brandon Council, following his convictions for bank robbery resulting in death, in violation of 18 U.S.C. § 2113(a) and (e), and murder resulting from the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (j). D. Ct. Doc. 860.

2.      Council's direct appeal was noticed on December 30, 2019. C.A. Doc. 1. On March 8, 2020, Council filed an unopposed motion to delay setting a briefing schedule until his newly appointed defense attorneys had received the complete record,

C.A. Doc. 16, which this Court granted, C.A. Doc. 19. On November 16, 2020, this Court set the following briefing schedule: Council's opening brief was to be filed by July 16, 2021; the government's response brief by December 16, 2021; and Council's reply brief by February 16, 2022. C.A. Docs. 30, 31.

Council later sought, with the government's consent, three extensions of time in which to file his opening brief, totaling 225 days. *See* C.A. Doc. 33 (requesting a 90-day extension to October 14, 2021); C.A. Doc. 42 (requesting a 90-day extension to January 12, 2022); C.A. Doc. 50 (requesting a 45-day extension to February 26, 2022). This Court granted each of those extensions. *See* C.A. Docs. 34, 43, 55.

On February 28, 2022, Council filed a 249-page opening brief that raised ten issues, asserting a variety of procedural and constitutional defects in jury selection, competency proceedings, the penalty phase of his trial, and the federal death-penalty statutes and protocol. C.A. Doc. 71. The briefing schedule then in effect provided that the government's brief was to be filed on July 28, 2022. *See* C.A. Doc. 55.

On June 2, 2022, the government filed its first extension motion, seeking 90 additional days and a revised filing deadline of October 26, 2022. C.A. Doc. 93. This Court granted that motion on June 6, 2022. C.A. Doc. 94.

On September 30, 2022, the government filed its second extension motion, seeking 45 additional days and a revised filing deadline of December 12, 2022. C.A. Doc. 96. This Court granted that motion on October 5, 2022. C.A. Doc. 97.

2

3.    Over the last three months, Council's defense team has sent several letters to the Deputy Attorney General (through undersigned counsel) requesting that the government decline to defend the capital judgment entered by the district court. Council submitted his most recent letter on December 1, 2022, requesting further review by the Department of Justice in light of other recent developments. Given the gravity and irrevocability of the penalty imposed in this case, the government is requesting additional time to review Council's multiple requests, which ask the Department to examine whether its position on appeal is appropriate under the law and Department policy.*

4.    Accordingly, the government respectfully requests an additional 45 days in which to complete its review of this case. If the Court grants this motion, the cumulative extensions obtained by the government will total 180 days—still 45 days shy of the 225 days that this Court granted to Council across his three successful extension motions. *See supra* ¶ 2.

5.    Council's attorneys consent to the government's extension request.

---

*    The Court's order granting the government's first extension motion stated that "[n]o further extensions to the briefing schedule shall be granted absent a showing of extraordinary circumstances." C.A. Doc. 94. The Court did not append a similar proviso to the order granting the government's second extension motion. *See* C.A. Doc. 97. In any event, the Department's ongoing review in response to Council's requests, which is intended to ensure that the government's ultimate filing reflects its considered position as to the appropriate disposition of this death-penalty case, is an "extraordinary" basis for permitting a further extension.

For the foregoing reasons, the government respectfully moves for a 45-day extension of time, to and including **January 26, 2023**, in which to file its brief.

Respectfully submitted,

*s/Joshua K. Handell*

JOSHUA K. HANDELL
    Attorney, Appellate Section
    Criminal Division, Ste. 1515
    U.S. Department of Justice
    950 Pennsylvania Ave. NW
    Washington, DC 20530
    (202) 305-4244
    joshua.handell@usdoj.gov

December 6, 2022

**Other Documents**
4:17-cr-00866-RBH USA v.
Council **CASE CLOSED on**
**10/07/2019**

APPEAL,CLOSED,DEATH

**U.S. District Court**

**District of South Carolina**

**Notice of Electronic Filing**

The following transaction was entered on 11/14/2022 at 2:58 PM EST and filed on 11/14/2022
**Case Name:**          USA v. Council
**Case Number:**      4:17-cr-00866-RBH
**Filer:**                  Dft No. 1 - Brandon Michael Council
**Document Number:** 938

**Docket Text:**
**Letter from Brandon Michael Council re appellate counsel. (Attachments: # (1) Supporting
Documents, # (2) Envelope)(hcic, )**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA )
    Plaintiff - Appelle )

    V. )    No. G-33-☐

Brandon Michael Council )
    Defendant - Appellant )

# PRO SE SUPPLEMENTAL BRIEF

Appellant Brandon Michael Council hereby humbly request that the United States Fourth Circuit Court of Appeals vacate all applicable death sentences pertaining to United States of America versus Brandon Michael Council. In support of this brief I would like to begin first with a quote by United States Supreme Court Justice Mr. Steven Breyer in his Glossip vs. Gross dissent "Those who face that most severe sanction must have a fair opportunity to show that the Constitution prohibits their execution."

The Honorable Steven Breyer would have never made such an astonishing remark if it was impossible to prove that the U.S. Constitution prohibits Capital Punishment. The forthcoming analysis are the irrefutable afortiori explications that my Appellate Attorneys failed and refused to present to the Court for circumspection.

Beginning with Article 6 clause 2 of the U.S. Constitution which states, "This Constitution, and the laws of the United States which shall be made in Pursuance thereof and all Treatise made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

Federal Laws 18 U.S.C. 3591 - 3599 which are purposed and used for the judiciary facilitation of Federal Capital Punishment contravene the United States Constitutions 4th, 5th, 8th, 9th, and 14th Amendments. The Supremacy Clause, Article 6 clause 2 of the United States Constitution establishes Federal Statutes as Supreme only if they do not contradict the United States Constitution. The apparent and inapparent contradictions to irrevocable and irrefutable guaranteed protections of the 4th, 5th 8th, 9th and 14th Amendments invalidate the use of Capital Punishment because Federal Laws 18 U.S.C 3591 - 3599

contradict with previously ratified corrections made to the U.S. Constitution. The first and most significant Supremacy Clause violation that 18. U.S.C. 3591-3599 Violates is the 4th Amendments right of the people to be secure in their persons. According to the verbatim text in this Amendment, this right to be secure in their persons shall not be violated. Merriam Websters Dictionary defines the word secure as: Easy in mind, Free from Fear, Free from danger or risk of loss, Safe, Certain, Sure. In addition Merriam Websters Dictionary defines the word person as: The body of a human being. The afortiori unprecedented analysis is that the 4th Amendment right to be secure in person can not be Superceeded and contradicted by 18 U.S.C. 3591-3599 but because this contradiction to Supreme law is apparent I request that the court take this Supremacy Clause Violation into consideration for just cause to vacate my Sentences to death.

  18 U.S.C. 3591-3599 also contradicts the U.S. Constitutions 5th Amendment. The historical precedented interpretation of the U.S. 5th Amendment uses an ambiguous logical inference hoodwink to manufacture ambiguity to justify and substantiate the use of Capital Punishment. The verbatim language that is used in the 5th Amendment can not be accurately construed to permit deprivation of life with due process of the law. The 5th Amendment text, <u>Nor</u> be deprived of life, liberty, or property <u>without</u> due process of the law is being interpreted as <u>May</u> be deprived of life, liberty, or property

<u>with</u> due process of the law. This ratified Constitutional Amendment was written in the context that it is written in as a security mechanism to prevent judiciary abuse of the law. The 5th Amendments context can not be interpreted to permit anything but only to prohibit. If the authors of the 5th Amendment wanted to write, may be deprived of life, liberty, or property with due process of the law then they ascertainly would have done so if that was what their intent was, however the text that the authors used unequivocally proves that it was not. In 1791 to prevent the act of lynching congress ratified the Bill of Rights 5th Amendment to completely bar deprivation of life by mob action without legal sanction or due process of the law. The 5th Amendment was never intended to be a cornerstone of judiciary consent to facilitate or substantiate the use of Capital Punishment. The cogent evidence that proves this analysis is also found within the verbatim text of the United States Constitution. The 9th Amendment proclaims; The enumeration of the Constitution of certain rights, shall not be construed to deny or disparge others retained by the people. So, because of the 9th Amendment the 5th Amendment can not be interpreted to contradict the 4th Amendment right of the people to be secure in their persons. In addition to the logically infered, manufactured ambiguity that the 5th Amendments historical interpretation perpetuates, the U.S. 5th Amendment also triggers an additional Supremacy Clause violation by interpreting the U.S. 5th Amendment to contravene the U.S. 4th Amendment.

18 U.S.C 3591-3599 also triggers an 8th Amendment Supremacy Clause violation because the 8th Amendment prohibits Merciless punishment. Since the 13th Century according to Random House Websters Unabridged Dictionary the word cruel has been defined as merciless. Merriam Websters Dictionary defines the word cruel as; causing pain and suffering to others: Merciless. Merriam Websters Dictionary also defines the word mercy as compassion shown to an offender; also imprisonment rather than death for first-degree murder. In 1791 and prior to the ratification of the 8th Amendment all forms of Capital Punishment violated what both elements of the definition of cruel stated and even today with the latest form of innovation to facilitate Capital punishment, still violates the merciless element of the 8th Amendment. Even with the different language that was written in S. Johnson, A Dictionary of the English Language (4th Ed. 1773) which defined the word cruel as; pleased with hurting others; inhuman; hard-hearted: void of pity; wanting compassion, savage; barbarous; unrelenting and in (1828) N. Webster, An American Dictionary of the English Language defined the word cruel as disposed to give pain to others, in body or mind; willing or pleased to torment, vex or afflict; inhuman; destitute of pity, compassion or kindness the United States Judiciary still turned a blind eye to all the irrefutable knowledge that was available to their disposal. In recent years the United States Supreme Court has proclaimed that any physical contact that is not applied in a good faith effort to maintain or restore discipline but it is used to maliciously and sadistically cause harm

USCA4 Appeal: 20-1    Doc: 103    Date Filed: 01/24/2023    Pg: 19 of 21

4:17-cr-00866-JD    Date Filed 05/22/25    Entry Number 965-2    Page 20 of 27
4:17-cr-00866-RBH    Date Filed 11/14/22    Entry Number 938-1    Page 11 of 11

is unconstitutional. This judiciary determination of excessive physical force specifically indicates <u>any</u> physical contact. All forms of Capital Punishment require the exact use of the verbatim definition of excessive force to carry out a death sentence. The U.S Supreme Court made no exemption in this determination in relation to Capital Punishment. In Hudson v. McMillian the Court held that the use of excessive physical force against a prisoner could constitute an 8th Amendment violation even if it does not cause a serious injury. In its analysis the Court propounded that the severity of the act of punishment rather than the severity of the resulting injury is the central element to the 8th Amendment.

The final Supremacy Clause breach that I am compelled to elucidate and shine light on is the 14th Amendment violation that 18. U.S.C. 3591-3599 creates. The U.S. 14th Amendment states, All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. 18 U.S.C. 3591-3599 violates the 14th Amendment because 44% of the nation has abolished the use of capital punishment. In reflection to the 14th Amendment there is no certain amount of equal protection to the laws if the Federal Department of Justice can use capital punishment and individual State Governments can choose to participate or abolish capital punishment.



Brandon M. Council / 63961096
U.S.P. Terre Haute
P.O. Box 33
Terre Haute, IN, 47808

United States
Circuit Court of
1100 East Main
Richmond, VA, 2

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | )    Nos. 20-1, 21-8 |
| | ) |
| BRANDON COUNCIL, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

**RESPONSE TO SECOND *PRO SE* MOTION
FOR SUBSTITUTION OF COUNSEL**

As directed by the Court, counsel for Defendant-Appellant Brandon Council

submit this response to Mr. Council's January 17, 2023, *pro se* letter, asking for

substitution of counsel.[1]  (*See* DE #103, #104).  Mr. Council previously sent a similar

request about a year ago, which the Court denied after counsel responded to it.  (*See*

DE #61, #62, #66).

Mr. Council's most recent letter complains that, among other things, his

---

[1] The Court also temporarily sealed Mr. Council's letter and directed his counsel to file
a motion if they wish to keep it sealed.  (*See* DE #104).  While Mr. Council did attach
a letter from counsel containing confidential communications protected by the
attorney-client privilege, that letter has already been publicly disclosed when he
attached it to a similar motion for substitution of counsel he recently filed in the
district court and that court publicly docketed the filing.

1

counsel are guilty of "turning a blind eye" to "the nations most disgraceful bombshell whistleblower muckrake in centuries" by not seeking a "generous non disclosure agreement settlement and absolute pardon," "going to the media," or using international treaties to challenge the "Physical and Psychological torturous contraption" that is federal death row.[2]  Moreover, while noting that he received from his counsel a copy of the government's December 2022 motion indicating it was internally reviewing his case, he complains that counsel did not arrange for him to attend the review, give him further details about it, or share counsel's letters to the government that had prompted it.[3]  (DE #103 at 1-4).

Counsel, both experienced appellate practitioners, are familiar with their ethical and legal obligations to Mr. Council and his appeal, including their obligations under this Court's directive on "CJA Representation: Client Communications," http://www.ca4.uscourts.gov/appointed-counsel/cja-cases/cja-representation; the A.B.A. Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases, Guideline 10.5 ("Relationship With the Client"), and 10.15.1 ("Duties of Post-Conviction Counsel") (rev. 2003); and the A.B.A. Criminal Justice Standards

---

[2] Mr. Council made similar statements in the pro se supplemental brief he previously submitted to the Court (*see* DE #89, #91, #92), a copy of which he attaches to his new letter as well.

[3] Counsel is not privy to details about the internal review.  Counsel offered to share with Mr. Council their letters to the government.

2

on Mental Health, Standard 7-1.4 ("Roles of the Attorney Representing a Defendant With a Mental Disorder") (2016).

Counsel believe they have been meeting those obligations, and will continue to meet them, including in their decision-making about the contents of Mr. Council's briefing as well as in their regular, lengthy efforts to consult with him about his appeal (in person, by telephone, and by mail); keep him apprised of motions, orders, and other developments in this litigation; and explain his right to present his additional arguments and theories to this Court via motion for leave to file a *pro se* supplemental brief or briefs.

Respectfully submitted,

/s/ Barry J. Fisher
Barry J. Fisher
Office of the Federal Defender, NDNY
54 State Street, 2nd Floor
Albany, NY 12207
(518) 650-9031 tel.
barry_fisher@fd.org

Jaclyn L. Tarlton
Office of the Federal Defender, EDNC
150 Fayetteville Street, Suite 450
Raleigh, NC 27601
(919) 856-4236 tel.
jackie_tarlton@fd.org

*Counsel for Appellant Brandon Council*

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically through the ECF system and notice sent to counsel of record for all parties

_____s/ Barry J. Fisher_____

